IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**PATRICK L. MANEY**                                                                      **PLAINTIFF**
**ADC #141182**

v.                                    No: 4:23-cv-01163-PSH

**J. POWELL,** *et al.*                                                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

### I. Introduction

Plaintiff Patrick L. Maney, an inmate at the Arkansas Division of Correction's Tucker Unit, filed this *pro se* 42 U.S.C. § 1983 action on December 7, 2023 (Doc. No. 2-1). Maney's application to proceed *in forma pauperis* was granted, and service was ordered on defendants Lieutenant J. Powell, Major Deen, Warden Todd Ball, and Grievance Director Kaci Golden (the "Defendants"). Doc. No. 4. Maney alleges that Powell and Deen forced him to work hoe squad without proper footwear and that Ball and Golden failed to take corrective action. Doc. No. 2-1 at 4-5.

Before the Court is a motion for summary judgment, brief in support, and a statement of undisputed facts filed by defendants Ball and Golden, claiming that Maney did not exhaust available administrative remedies with respect to his claims against them before he filed this lawsuit (Doc. Nos. 21-23). The Court notified

Maney of his opportunity to file a response and statement of disputed facts. *See* Doc. No. 24. Maney filed a one-paragraph response acknowledging he did not name Ball or Golden in a grievance. Doc. No. 25. Maney did not file a separate statement of facts controverting the facts set forth in Ball and Golden's statement of undisputed material facts, Doc. No. 24. Accordingly, those facts are deemed admitted. *See* Local Rule 56.1(c). For the reasons described below, Ball and Golden's motion for summary judgment is granted, and Maney's claims against them are dismissed without prejudice for failure to exhaust available administrative remedies.

## II.  Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a

finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). An assertion that a fact cannot be disputed or is genuinely disputed must be supported by materials in the record such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . .". Fed. R. Civ. P. 56(c)(1)(A). A party may also show that a fact is disputed or undisputed by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Analysis

Ball and Golden argue that they are entitled to summary judgment because Maney failed to exhaust his administrative remedies with respect to his claims against them before he filed this lawsuit. *See* Doc. No. 23. In support of their motion, Ball and Golden submitted the declaration of Terri Grigsby Brown, the

ADC's inmate grievance supervisor (Doc. No. 21-1); a copy of the ADC's grievance policy, Administrative Directive 19-34 (Doc. No. 21-2); a list of grievances filed by Maney (Doc. No. 21-3); a copy of Grievance TU-23-00469 (Doc. No. 21-4); and a copy of Grievance TU-23-00521 (Doc. No. 21-5).

A.      *Exhaustion of Administrative Remedies*

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211; *Hammett v. Cofield,* 681 F.3d 945, 949 (8th Cir. 2012). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id*. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

Pursuant to the ADC's grievance policy, Administrative Directive 19-34, inmates are provided Unit Level Grievance Forms as part of the Inmate Grievance

Procedure. *See* Doc. No. 21-2 at 5. To resolve a problem, an inmate must first seek informal resolution by submitting a Step One Unit Level Grievance Form within 15 days after the occurrence of the incident. *Id.* at 6. Inmates are to "specifically name each individual involved in order that a proper investigation and response may be completed." *Id.* at 5. An inmate must be "specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." *Id.* at 6. A problem solver investigates the complaint and provides a written response at the bottom of the form. *Id.* at 6-7. If the inmate is not satisfied with the resolution or the problem solver does not respond within three working days, he may then complete Step Two of the grievance procedure and submit the form as a formal grievance. *Id.* at 9. If a formal grievance is medical in nature, it is forwarded to the appropriate medical personnel for response. *Id.* at 10. If the inmate receives no response, or if the inmate is not satisfied with the response, the inmate can appeal to the Deputy Director. *Id.* at 11-12. Once the Deputy Director responds or the appeal is rejected, the grievance process is exhausted. *Id.* at 13. According to the ADC's grievance policy, the entire grievance procedure should be completed within 76 working days absent an extension or unforeseen circumstances. *Id.* at 14. The grievance policy specifically states that inmates

must exhaust administrative remedies at all levels of the procedure before filing a federal civil rights lawsuit. *Id.* at 19.

The ADC grievance policy requires inmates to name each individual involved. *See* Doc. No. 21-2 at 5. One of the purposes of the grievance requirements to name the official involved and describe his or her conduct is to provide prison officials with adequate opportunity to investigate and resolve the prisoner's complaint. *See Jones*, 549 U.S. at 219; *Williams v. Capps*, No. 5:13CV47-DPM-JTR, 2013 WL 5574482, at *4 (E.D. Ark. 2013). The failure to name a defendant as required by the ADC grievance policy may constitute a procedural defect that is waived if the defendant's conduct forming the basis of the claim against him or her is adequately described in the grievance and the ADC investigates the grievance on the merits. *See Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012) (PLRA's exhaustion requirements are satisfied if grievance is considered on the merits, even if it could have been denied for procedural deficiencies); *Daniels v. Hubbard,* No. 5:14CV00360 BSM, 2015 WL 9222627, at *1–2 (E.D. Ark. Dec. 17, 2015).

## B.     *Relevant Grievances*

In her declaration, Inmate Grievance Supervisor Terri Grigsby Brown states she searched Maney's grievance history for non-medical grievances concerning the allegations in his complaint or naming any of the Defendants. *See* Doc. No. 21-1

at ¶¶ 34-35. She identified two grievances describing his complaint allegations: TU-23-00469 and TU-23-00521. *Id.* at ¶ 36. However, according to Brown, Maney did not submit any non-medical grievances related to his claims in this lawsuit that specifically name or refer to Ball or Golden, and he did not complain in any non-medical grievance about any action or inaction on the part of Ball or Golden.[1] *Id.* at ¶ 43.

In TU-23-00469, submitted on September 13, 2023, Maney grieved that on the morning of September 13, 2023, Powell sent him and other inmates to work the hoe squad in canvas shoes instead of brogan boots, in violation of ADC policy. Doc. No. 21-4 at 1. Maney claimed he suffered a foot injury as a result. *Id.* He also stated that he had previously mentioned to Powell and Deen that he should not be going to work without brogan boots because it was against policy and unsafe. *Id.* The Step One response stated that Maney was told to wait for boots. *Id.* Maney proceeded to Step Two, denying that he refused boots. *Id.* In response to Maney's Step Two grievance, the warden found that he had received a pair of brogan boots on October 5, 2023, and that the issue was therefore resolved. *Id.* at 2. Maney appealed the warden's decision to the deputy director. *Id.* The Deputy Director found that Maney's appeal had no merit and upheld the warden's

---

[1] The Court notes that Maney also did not file any medical grievances during the relevant time period; the only medical grievance listed in his grievance history was filed on January 18, 2023. Doc. No. 21-3.

decision. *Id.* at 4. Maney named no other defendants in this grievance or his appeal. *Id.* at 1-4.

Maney submitted TU-23-00521 on October 4, 2023. Doc. No. 21-5 at 1. He grieved that on October 4, 2023, Powell ignored his request for brogan boots and he was forced to go to work again without proper footwear. *Id.* The Step One response stated that he was told he would receive boots at the next work call. *Id.* Maney proceeded to Step Two, stating that he was still forced to work in canvas shoes. *Id.* The warden responded to Maney's Step Two grievance, finding it to be resolved because he received a pair of brogan boots on October 5, 2023. *Id.* at 2. Maney did not appeal the warden's decision. *Id.*; Doc. No. 21-3. Maney named no other defendants in this grievance. *Id.*

C.  ***Exhaustion as to Ball and Golden***

Maney did not name defendants Ball or Golden in either grievance he submitted concerning a lack of appropriate footwear. Further, he did not describe his complaint allegation that he notified Ball and Golden of his lack of proper footwear, but they failed to take corrective action in response. Maney acknowledges his failure to grieve their actions in his response to their motion; he indicates that he sued them solely because they failed to take corrective action in response to the grievances he filed. *See* Doc. No. 25. This is insufficient; to exhaust his available administrative remedies, Maney was required to specifically

grieve these defendants' alleged failure to take corrective action, and he did not do so. *See Waller v. Kelley*, 956 F. Supp. 2d 1007, 1013–14 (E.D. Ark. 2013) ("Plaintiff fully exhausted several grievances raising his *inadequate medical care claim* against *some* of the named medical Defendants. . . . However, *none* of his grievances mention the *corrective action claim* that he is asserting against Defendant Kelley. Thus, his grievances did *not* put ADC officials on notice that he thought Defendant Kelley was failing to properly review or respond to his medical grievance appeals or was otherwise failing to take appropriate corrective action regarding the medical care he was receiving from the other Defendants.") (emphasis in original). Because Maney did not exhaust his available administrative remedies as to Ball or Golden before filing this lawsuit, his claims against them are dismissed without prejudice.

## IV. Conclusion

Maney did not submit and exhaust a grievance naming Ball or Golden or describing his complaint allegations against them. Accordingly, Ball and Golden's motion for summary judgment (Doc. No. 21) is granted, and Maney's claims against Ball and Golden are dismissed without prejudice for failure to exhaust available administrative remedies. Maney's claims against Powell and Deen will proceed.

IT IS SO ORDERED this 27th day of August, 2024.

_____
UNITED STATES MAGISTRATE JUDGE